UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN SACCHI, Individually and on behalf of all others similarly situated, | : : : : | **ELECTRONICALLY FILED** |
| Plaintiffs (collectively, **"Consumers"**), vs. | : : : : : | Hon. Jed S. Rakoff No. 25-cv-10334-JSR |
| WEBULL FINANCIAL LLC, and DOES 1 through 10, inclusive, | : : : : : | **CLASS ACTION COMPLAINT** |
| Defendants (collectively, **"Company"**). | : : : | **JURY TRIAL DEMANDED** |

**WEBULL FINANCIAL FRAUDULENTLY SOLICITS
MONIES AND ACCOUNT TRANSFERS TO WEBULL
BY PROMISING PROMOTIONS THAT IT INTENDS
NOT TO PROVIDE—AND THEN REFUSES COMPENSATION
WHEN PRE-LITIGATION REQUESTS WITHOUT ATTORNEYS ARE MADE**

Plaintiff John Sacchi (**"Consumer," "Consumers,"** "**Plaintiff**," or **"Plaintiffs"**), Individually and on behalf of all others similarly situated, hereby alleges as follows:

1.    Defendant WeBull Financial LLC (**"WeBull"**) is a corporation that, *inter alia*, maintains investment and retirement accounts of individuals nationwide and maintains its primary marketing, processing, technology, contracting, and customer service operations in the Borough of Manhattan at 44 Wall Street, which serves as it registered site with

regulators including the federal Financial Industry Regulatory Authority.

2.    WeBull, along with the Doe defendants, are collectively referred to here throughout interchangeably as **"Defendant," "Defendants,"** or **"Company."**

3.    Plaintiffs bring this action to challenge the Company's ongoing knowing and systematic practice in fraudulently inducing consumers to transfer monies and retirement accounts to WeBull accounts by promising consumers a two percent (2%) bonus ("**2% BONUS**") of the transferred amount while intending to not ultimately pay the full 2% BONUS.

4.    Several WeBull workers repeatedly denied multiple pre-litigation requests for payment of the 2% BONUS by plaintiff John Sacchi ("**Consumer," "Plaintiff,**" or "**Mr. Sacchi**"), a Senior Citizen stroke survivor, who was solicited to transfer significant amounts of investment and retirement monies to WeBull in New Jersey in 2024.

5.    Mr. Sacchi was forced to obtain an attorney in his attempt for justice on his individual case in the Special Civil Part of the Superior Court of New Jersey, but WeBull committed additional egregious violations of the New Jersey Consumer Fraud Act by continuing to refuse reimbursement and *mischaracterizing purported contractual language* to Mr. Sacchi.  WeBull also refused to engage in, *inter alia*, required communications such as meet-and-confer conferences needed to bring a motion to compel and thereby "succeeded"

in having the case dismissed without prejudice despite
pending motions to file a first amended complaint and
motion to compel a complete document production and
absolutely no judicial consideration of the action's
substantive merits.[1]

6.   All of the claims asserted herein arise out of
Company's activity in Manhattan[2] and are a common fact
pattern as to each member of the Class defined below.

### JURISDICTION AND VENUE

7.   This Court has jurisdiction over the subject
matter of this action under 28 U.S.C. section 1332(d)(2) in
that the matter in controversy of all class members' claims
together aggregate more than $5,000,000, exclusive of costs
and non-breach interest, the number of class members
exceeds one hundred, and Consumer resides outside New York.

---

[1]The limited discovery provided in the dismissed action
indicated that WeBull uses an identical 2% BONUS
nationwide, maintains investment and retirement accounts of
individuals nationwide, and maintains its primary
marketing, processing, technology, contracting, and
customer service operations for those investment and
retirement accounts in the Borough of Manhattan at 44 Wall
Street, which serves as it registered site with regulators
including the federal Financial Industry Regulatory
Authority. Plaintiff therefore commences this action in
Manhattan, where a nationwide class action can be
maintained due to the circumstance that WeBull's actionable
activity that injures consumers nationwide all occurs here.

[2]See *infra* note 1.

8.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. section 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims referenced herein occurred in and/or were targeted to cause damages in this District where WeBull maintains its primary marketing, processing, technology, contracting, and customer service operations for consumers' investment and retirement accounts, which serves as it registered site with regulators including the federal Financial Industry Regulatory Authority.  Manhattan is where WeBull, *inter alia*, fraudulently solicited transfers of monies and accounts to WeBull and then refused to pay the promised promotions.  This Court also has jurisdiction over WeBull in this action because WeBull markets its investment and retirement accounts to New York residents.

<u>**OTHER PARTIES**</u>

9.   Plaintiff (**"Consumers"** or **"Plaintiffs"**) is an adult Senior Citizen male who suffers a disability as a victim of a cerebral vascular accident (commonly referred to as a "stroke") and was solicited by WeBull to transfer money and retirement accounts to WeBull in reliance on the promise of, *inter alia*, the 2% BONUS.

10.  Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful

conduct, and therefore sues these Defendants by such fictitious names. Plaintiffs will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

11. At all times herein mentioned, WeBull, and/or the Doe Defendants, and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

12. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities

detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

14.   Plaintiff was solicited by Company in or about 2024 to transfer money and retirement accounts to WeBull in reliance upon the Company's promises, *inter alia*, to provide the 2% BONUS on the transferred amount as long as the account level remained at a minimum of the transferred amount for a specified time period.

15.   Plaintiff relied on Company's promises by transferring money and retirement accounts to WeBull and maintained the account level at a minimum of the respective transferred amount for the specified time period.

16.   Company failed to pay the full 2% BONUS.

17.   Company failed to provide the 2% BONUS despite Plaintiff's multiple ***pre-litigation requests*** in writing.

## CLASS ALLEGATIONS

18.   Consumer brings all his Causes of Action on his own behalf and on behalf of the Class pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the Rule.  The Class is defined as follows:

> All individuals nationwide who, commencing six years before the filing of this action, transferred monies and/or retirement accounts to one or more WeBull accounts that offered a specified promotion,

e.g. 2% BONUS, 1% Bonus, 3% Bonus, and have
maintained, or intend to maintain, the subject
account(s) at a level no lower than the amount
transferred to WeBull for the respective requisite
time period.  Excluded from the Class are:
(1) employees of the Defendants, including their
officers or directors; (2) Defendants' affiliates,
subsidiaries, or co-conspirators; and (3) the Court
to which this case is assigned.


19.  Plaintiff does not know the exact number of Class
members because such information is in the exclusive
control of the Defendants.  However, Plaintiff believes
that due to the nature of the trade and commerce involved
and the identical language utilized in Company's
promotions, Class members are sufficiently numerous, most
likely many thousands of consumers, such that joinder of
all Class members is impracticable.  The information as to
the identity of the Class members can be readily determined
from records maintained by Company, because all investment
and retirement account information is recorded in Company's
written and electronic records.

20.  Plaintiff's claims are typical of, and not
antagonistic to, the claims of the other Class members
because Plaintiff was injured by Defendants' practices and
by asserting his claims, Plaintiff will also advance the
claims of all members of the Class who were damaged by the

same wrongful conduct of Defendants and their co-
conspirators as alleged herein, and the relief sought is
common to the Class.

21.  The common legal and factual questions which do
not vary from Class member to Class member, and which may
be determined without reference to individual circumstances
of any Class member, include, but are not limited to, the
following:

   a.  Did Company fraudulently solicit
   the transfer of money and retirement accounts to
   WeBull by promising a promotion that it intended
   not to completely provide?

   b.  What is the appropriate measure of
   damages for Company's wrongful conduct?

   c.  Was Company's policy deliberate
   such that punitive damages may be awarded? and

   d.   Are Plaintiff and the Class
   Members entitled to the injunctive and equitable
   relief requested herein to enjoin Company's
   continuing wrongful action?

22.  These common questions and others predominate
over questions, if any, that affect only individual members
of the Class.

23.  The claims of the representative Plaintiff are
typical of the claims of the Class.  There are no material
conflicts with any other member of the Class that would
make class certification inappropriate.  Plaintiff and

counsel will fairly and adequately represent the interests of the Class.

24.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25.    Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

26.    Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

27.    Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual

litigation:  Individual consumers typically lack the
resources, ability, and knowledge to legally pursue their
respective remedy of a rightful refund and WeBull
demonstrated in the preceding individual action in New
Jersey state court that it will not fairly litigate claims
unless brought on a class basis due to the relatively small
amount involved in individual actions.

## FIRST CAUSE OF ACTION
### (FRAUD)

28.  Plaintiff incorporates and realleges, as though
fully set forth herein, each of the paragraphs above.

29.  Company knowingly and deliberately fraudulently
solicited the transfer of money and retirement accounts to
WeBull by promising a promotion that it intended not to
completely provide.

30.  Plaintiff relied on Company's promise by
transferring money and retirement accounts to WeBull.

31.  Company failed to provide Plaintiff the promised
promotion.

32. ***Company's wrongful behavior continues to the
present*** as it continues fraudulently promising, *inter alia*,
the 2% BONUS that it does not intend to fully pay and
continues not paying the 2% BONUS despite maintenance of
the subject accounts at a minimum level of the transferred
amount for the respective requisite time period.

33.  Plaintiff has been damaged thereby.

## SECOND CAUSE OF ACTION
### (VIOLATION OF N.Y. GEN. BUS. LAW § 349: DECEPTIVE ACTS AND PRACTICES)

34.   Consumer repeats and realleges each and every allegation set forth above as if fully set forth herein.

35.   Company knowingly and deliberately fraudulently solicited the transfer of money and retirement accounts to WeBull by promising a promotion that it intended not to completely provide.

36.   Plaintiff relied on Company's promise by transferring money and retirement accounts to WeBull.

37.   Company failed to provide Plaintiff the promised promotion.

38.   Plaintiff has been damaged thereby.

39.   Statute provides for payment of a minimum of $50.00 per violation and up to three times actual damages per violation.

40.   Statute provides for award of attorneys' fees.

41.   Consumer also seeks injunctive relief requiring Company to cease its fraudulent solicitation practices.


## THIRD CAUSE OF ACTION
### (VIOLATION OF N.Y. GEN. BUS. LAW § 350:  FALSE ADVERTISING)

42. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

43. Statute provides for payment of minimum of five hundred dollars ($500.00) for each violation of the false advertising statute and up to three times actual damages.

44. Statute provides for award of attorneys' fees.

45. Consumer also seeks injunctive relief requiring Company to cease its fraudulent solicitation practices.

### FOURTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. As a result of Company's breach of the agreement to pay the complete 2% BONUS, Plaintiff suffered damages by not receiving money to which he was, and remains, legally entitled.

### FIFTH CAUSE OF ACTION
### (BREACH OF CONTRACTUAL DUTY OF GOOD FAITH AND FAIR DEALING)

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. As a result of Company's failure to provide the complete 2% BONUS despite Consumer having maintained the accounts at a level no lower than the transferred amount for the requisite time period, Plaintiff suffered damages by not receiving money to which he was, and remains, legally entitled.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Statutory damages;

3. Compensatory, general, incidental, and consequential damages according to proof;

4. Special damages according to proof;

5. Punitive damages to punish Defendants for their willful illegal and deliberate contract breaches and to deter others who may otherwise engage in similar willful illegal and deliberate conduct;

6. Restitution and disgorgement according to proof;

7. Injunctive relief against Defendants, and each of them, to prevent future wrongful contract breaches;

8. Prejudgment interest at the maximum legal rate;

9. Costs of the proceedings herein;

10. Reasonable attorneys' fees; and

11.  All such other and further relief as the Court deems just and proper, the total of which, less interest and costs, will be greater than $5,000,000.00.


Dated:  Dec. 12, 2025


                              Respectfully submitted,


                              By: __/s/_Stephen J. Simoni__
                              STEPHEN J. SIMONI
                              StephenSimoniLAW@gmail.com
                              **SIMONI CONSUMERS**
                                **CLASS ACTION LAW OFFICES**
                              c/o Jardim Meisner Salmon
                                   Sprague & Susser, P.C.
                              30B Vreeland Road, Ste. 100
                              Florham Park, NJ 07932
                              Telephone:  (917) 621-5795

                              *Counsel for Plaintiff and
                                   the Proposed Class*


### DEMAND FOR JURY TRIAL

        Plaintiffs on behalf of themselves and all others similarly situated hereby request a jury trial on all claims so triable.

Dated:  Dec. 12, 2025          Respectfully submitted,


                              By: __/s/_Stephen J. Simoni__